**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

THEOPHOLUS H. JORDAN,

        Plaintiff,

v.                                                   Case No:  6:23-cv-786-WWB-LHP

HARRY BERMUDEZ, et al.,

        Defendants.

_____/

## ORDER

THIS CAUSE is before the Court on initial review of Plaintiff's Complaint for Violation of Civil Rights ("**Complaint**," Doc. 1). Plaintiff, who is incarcerated at the Brevard County Jail and proceeding *pro se*, filed the Complaint under 42 U.S.C. § 1983.

### I. FACTUAL BACKGROUND

Plaintiff alleges in Claim One that, on November 24, 2021, he was driving his car in Cocoa, Florida and was pulled over by Ryan Mason, a detective with the Brevard County Sheriff's Office, who asked for his driver's license. (Doc. 1 at 8–9). Mason informed Plaintiff that his license was suspended, and, thereafter, Harry Bermudez, another detective with the Brevard County Sheriff's Office, "pulled up in his unmarked car." (*Id*. at 10). Mason and Bermudez spoke out of the presence of Plaintiff, and Mason then informed Plaintiff he was being arrested for "driving while license suspended." (*Id*.). Mason subsequently arrested Plaintiff "and cited [him] for DWLS with knowledge which [Plaintiff] said [he] had no knowledge." (*Id*. at 11). Plaintiff claims that Bermudez "couldn't arrest [him] at the time for the incident he was investigating so he concocted a plan to

have [him] arrested where he thought [Plaintiff] would not get out due to being on probation." (*Id*.). He states that the case was dismissed, and he requests damages for wrongful arrest and false imprisonment. (*Id*.).

Plaintiff alleges in Claim Two that, on May 18, 2022, he was arrested "for a new law violation of scheme to defraud." (*Id*. at 12). According to Plaintiff, a police report prepared by Bermudez, "claimed that [Plaintiff] used proceeds from the money [he] obtained from [his] customers to gamble away over $302,000 at Hard Rock Hotel and Casino in Tampa and Daytona Beach Racing Kenner & Card Club." (*Id*.). However, Plaintiff claims that "[n]ot one single dime of [his] customer's money was spent on gambling and the records will prove what [he] is saying to be right. While Detective Bermudez's claims have nothing to do with the elements of the crime, there is no need for [his] new law violation case [to] be resolved in order to proceed with [his] lawsuit." (*Id*. at 14). Plaintiff alleges that "[it] is his belief that [Bermudez] purposely and intentionally gave false records to try and justify his claims of [Plaintiff] gambling away customer's money to support a gambling habit." (*Id*.). It appears that this case remains pending, and Plaintiff seeks relief for "defamation of character." (*Id*. at 12).

Plaintiff brought this action against Detective Bermudez, Detective Mason, and Unknown Shift Supervisor.

## II.   LEGAL STANDARD

Plaintiff seeks redress from a governmental entity or employee, and, under 28 U.S.C. § 1915A(a), the Court must screen a prisoner civil rights complaint as soon as practicable. On review, the Court must dismiss the complaint (or any portion thereof) under these circumstances:

(B)    the action or appeal--

    (i)    is frivolous[1] or malicious;

    (ii)    fails to state a claim upon which relief may be granted; or

    (iii)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. §1915(e)(2)(B)(i)-(iii). Additionally, the Court must read a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

"To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005).

## III.    ANALYSIS

Plaintiff alleges in Claim One he was wrongfully arrested and falsely imprisoned. A false arrest claim under § 1983 is substantially the same as a claim for false arrest under Florida law. *Lozman v. City of Riviera Beach*, 39 F. Supp. 3d 1392, 1409 (S.D. Fla. 2014). Under Florida law, a plaintiff must prove three elements to maintain a claim for false arrest: "(1) an unlawful detention and derivation of liberty against the plaintiff's will; (2) an unreasonable detention which is not warranted by the circumstances[;] and (3) an intentional detention." *Id*. The existence of probable cause is an absolute bar to a § 1983 claim for false arrest. *See Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir.1998).

---

[1] "A claim is frivolous if it is without arguable merit either in law or in fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The Complaint says nothing about the facts and circumstances of Plaintiff's crime that were known to Defendants at the time of Plaintiff's arrest. The Complaint alleges that Plaintiff was arrested without a warrant, but Plaintiff alleges no facts showing that Mason lacked probable cause to arrest him. In fact, Plaintiff does not deny that his driver's license was suspended, and, although he alleges that Bermudez "concocted a plan to have [him] arrested," he does not allege that Mason, who actually arrested Plaintiff, was involved in such a plan.

Plaintiff has not alleged facts from which it can be reasonably inferred that Mason did not have probable cause to arrest him, and he has failed to allege all of the necessary elements to maintain a claim for false arrest. Therefore, the allegations in Claim One of false arrest and false imprisonment fail to state a claim for relief under § 1983.

Plaintiff alleges in Claim Two he was wrongfully arrested and seeks relief for defamation of character. Plaintiff acknowledges that the criminal proceedings that came from his arrest remain pending. In *Heck v. Humphrey*, the United States Supreme Court held that a civil rights action under § 1983 that necessarily calls into question the validity of a conviction or sentence could not accrue until the plaintiff could demonstrate that the conviction or sentence had been reversed, expunged, or otherwise declared invalid. 512 U.S. 477, 487 (1994). The *Heck* bar is still applicable even if Plaintiff currently has outstanding criminal charges pending. *See Wiley v. City of Chicago*, 361 F.3d 994, 996 (7th Cir. 2004) (holding that the *Heck* rule "applies not only to convicted persons but also to plaintiffs . . . who as yet only face prosecution"). Thus, Plaintiff's claims are barred by *Heck*.

4

Further, "the Supreme Court has held that a claim of being defamed by a police officer is not actionable under § 1983." *Walker v. Atlanta Police Dep't Pub. Affs. Unit*, 322 F. App'x 809, 811 (11th Cir. 2009). Because Plaintiff's defamation claim is predicated on police officers' actions and statements, it is not viable under § 1983.

Since the Complaint fails to state a claim as to any Defendant, it will be dismissed as frivolous.[2]

## IV.   CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.

2. The Clerk of the Court is directed to close this case.

3. Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 3) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on May 10, 2023.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party

---

[2] Plaintiff has not alleged how Defendant Unknown Shift Supervisor was involved in any alleged wrongdoings. Consequently, Plaintiff's allegations are too vague and conclusory to state a cause of action against this Defendant under § 1983.